UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) Case No.: 15-22600 |
| | ) |
| BRIAN B MCGHEE, | ) |
| | ) |
| Debtor. | ) JUDGE Jack B. Schmetterer |
| | ) |
| BRIAN B MCGHEE, | ) |
| | ) |
| Plaintiff | ) ADV. NO. 15-00781 |
| v. | ) |
| | ) JUDGE: Jack B. Schmetterer |
| Patelco Credit Union | ) |
| | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Patelco Credit Union (hereinafter, Patelco), the following findings of fact and conclusions of law are made and will be entered:

1.  Plaintiff filed a petition for relief under Chapter 13 of the United States Code (the "Bankruptcy Code") on June 30, 2015.

2.  Defendant Patelco holds a first mortgage lien on real property commonly known as 15740 Turlington Avenue, Harvey, IL 60426 (hereinafter, "Subject Real Estate"), PIN: 29-17-316-053-0000 is valued at $12,000.00.

3.  Plaintiff obtained a Broker's Price Opinion of the Subject Real estate dated November 9, 2015, indicating the value of the Subject Real Estate as possibly $21,000.00 which does not include repairs.

4.  Plaintiff's Chapter 13 Plan provides that Defendant shall receive $221.00 per month for 60 months.

5. On October 22, 2015, Plaintiff issued a summons and complaint pursuant to 11 U.S.C.§506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on the Subject Real Estate.

6. That on October 22, 2015, a copy of said summons and complaint was serviced in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure.

7. That Defendant has not filed an answer or otherwise plead in response to Plaintiff's complaint.

8. This Court has jurisdiction under 28 U.S.C. §1334.

9. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

10. Venue is proper in this district pursuant to 28 U.S.C. §1409.

11. Defendant filed Claim No. 8 in the amount of approximately $116,116.00.

12. The fair market value of the Subject Real Estate is $12,000.00.

13. Section 1322 (b)(2) of the Bankruptcy Code permits modification of rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. See *In re Plourde*, 402 B.R. 488 (Bankr.N.H. 2009); *In re Kheng*, 202 B.R. 538 (Bankr.D.R.I. 1996); *In re Murphy*, 175 B.R. 134, 137 (Bankr.D.Mass 1994); *In re McGregor*, 172 B.R. 718 (Bankr.D.Mass 1994); and, *In re Legowski*, 167 B.R. 711 (Bankr.D.Mass 1994).

14. WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of the Plaintiff and against Defendant Patelco Credit Union valuing the Subject Real Estate at $12,000.

*[Handwritten annotation:]* Judicial The court takes notice that the amended Schedules G, I, and J show the Debtor has rentals income (Kimberly) who pays $450.00 per month in rental income and shows this mortgage is eligible for cramdown under the 5th statute.

~~Respectfully submitted,~~

~~By:~~ /s/ ~~Deadra Woods~~ Stokes

Deadra Woods Stokes & Associates, P.C
ARDC # 6234106
4747 West Lincoln Mall Drive
Suite 410
Matteson, IL 60443
708-283-5900

*[Judge's signature]*
U.S. Bankruptcy Judge

JAN 12 2016